# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA LIFSCHITZ, on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>    vs.<br><br>NEXTWAVE WIRELESS INC., ALLEN SALMASI, GEORGE C. ALEX and FRANK A. CASSOU,<br><br>            Defendants. | CASE NO.  08CV1697-LAB (WMC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE** |

Once again, the Court considers whether Plaintiff's complaint satisfies the pleading standards for a securities class action set forth in *Dura Pharms. v. Broudo* and the PSLRA. Once again, the Court finds it doesn't.

The legal standards here aren't in dispute.  To state a claim under Section 10(b) of the Securities Exchange Act of 1934, a plaintiff must allege: (1) a material misrepresentation or omission; (2) made with scienter; (3) in connection with the purchase or sale of a security; (4) reliance  by the plaintiff on the misrepresentation or omission; (5) economic loss; and (6) a causal nexus between the misrepresentation or omission and the loss. *Dura*, 544, U.S. 336, 341–42 (2005).  The PSLRA fortifies the first and second elements. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007) ("The PSLRA Act requires plaintiffs to state with particularity both the facts constituting the alleged violation, and the facts

evidencing scienter."). As to the first, "the complaint shall specify each statement alleged to have been misleading" along with "the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1)(B). As to the second, "the complaint shall . . . state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A).

The Court previously dismissed Plaintiff's complaint without prejudice because it did not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Instead, it was puzzle-pled; in 64 pages, Plaintiff quoted extensively from public statements made by NextWave over a significant period of time and then left it to NextWave (and the Court) to figure out exactly why those statements were misleading on the basis of lengthy allegations from confidential NextWave witnesses. The Court said the complaint read "as though Plaintiffs conducted an investigation into the conduct of NextWave and simply transcribed all of their notes into a legal pleading, hoping they would coalesce into a well-pleaded complaint." (Doc. No. 52, p. 6.) Rather than dismiss the complaint with prejudice, however, the Court gave Plaintiff the opportunity to transform the complaint into one that NextWave and the Court "needn't pore over to understand." (*Id.* at p. 7.) It reaches the same conclusion this time around. The complaint remains inadequate, but not so inadequate that it should be dismissed with prejudice.

By the Court's count, Plaintiff takes issue with 17 statements made by NextWave that were allegedly false and misleading and expose the company to civil liability under Rule 10(b) of the Exchange Act: **(1)** a Form 10-Q for the third quarter of 2006 (¶ 13); **(2)** a January 3, 2007 announcement by NextWave that it reached an agreement to acquire GO Networks, Inc. (¶ 16); **(3)** a March 30, 2007 Form 10-K for 2006 (¶ 19); **(4)** an April 2, 2007 press release announcing "Full Year Financial Results" (¶ 22); **(5)** an April 9, 2007 announcement that it reached an agreement to acquire IP Wireless, Inc. (¶25); **(6)** a May 4, 2007 interview in Investor's Business Daily (¶26); **(7)** a May 14, 2007 press release announcing first quarter of 2007 financial results (¶29); **(8)** a May 15, 2007 Form 10-Q for the first quarter of 2007 (¶ 32); **(9)** a Jun3 6, 2007 announcement that NextWave planned to introduce WiMAX "chip

sets" through its subsidiary NextWave Broadband (¶ 35); **(10)** an August 14, 2007 Form 10-Q for the second quarter of 2007 (¶ 38); **(11)** An August 15, 2007 announcement about the Form 10-Q for the second quarter of 2007 (¶39); **(12)** A November 13, 2007 Form 10-Q for the third quarter of 2007 (¶ 42); **(13)** A November 14, 2007 announcement about the Form 10-Q for the third quarter of 2007 (¶ 43); **(14)** a March 13, 2008 Form 10-K for 2007 (¶45); **(15)** A March 14, 2008 announcement about the Form 10-K for 2007) (¶47); **(16)** an April 14, 2008 annual report for 2007 (¶ 48); **(17)** a May 8, 2008 press release about first quarter of 2008 financial results and an accompanying Form 10-Q (¶49).

Seventeen statements amounts to a lot of alleged puffery on NextWave's part, especially considering that (1) the target statements are lengthy excerpts from public documents rather than discrete sentences, and (2) the entirety of the statements aren't alleged to be false and misleading. For example, the 2006 Form 10-K "statements" that Plaintiff calls out fill two pages of the complaint and contain uncontroversial information, such as: "An RFIC is part of the front-end of a radio system that receives a radio frequency signal, converts it to a lower frequency and modifies it for further processing. Our initial multi-band RFIC, the NW1200, was sent to manufacture in late 2006. Sample chips have undergone successful testing and evaluation." (Compl. ¶ 19.) Plaintiff's explanation of what is false and misleading in the Form 10-K says nothing about the definition of an RFIC, or the date on which the NW1200 was sent to manufacture, or the representation that sample chips had undergone successful testing. And so it is with many of the NextWave statements that are excerpted in the complaint: the Court (just as much as NextWave) has to determine for itself exactly what the Plaintiff finds objectionable. Plaintiff has therefore failed to heed the Court's directive to "take the heightened pleading standards of the PSLRA to their keyboard, along with Rule 8 of the Federal Rules of Criminal Procedure, in amending their complaint." (Doc. No. 52, p. 7.)

It doesn't help that Plaintiff's attempt to establish scienter sends the Court (and again, NextWave) on a search mission through the allegations of twelve confidential witnesses without any particular directions. (*See* ¶ 21.) The PSLRA requires the Plaintiff to plead

*particularized* facts giving rise to a strong inference that NextWave knew, or was deliberately reckless in not knowing, that its statements were false and misleading when made. Plaintiff shirks this obligation by directing the Court to pages upon pages of allegations in the rear of the complaint that, it assures the Court, shout scienter. It's true that confidential witness allegations have popped up in securities class actions with increasing frequency since Congress enacted the PSLRA, but courts have also grown to regard them with a good amount of skepticism. *See Campo v. Sears Holding Corp.*, 371 Fed.Appx. 212 (2d Cir. 2010) (approving deposition of confidential witnesses for purposes of motion to dismiss); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 995 (9th Cir. 2009) ("the confidential witnesses whose statements are introduced to establish scienter must be described with sufficient particularity to establish their reliability and personal knowledge"); *Higginbotham v. Baxter Intern., Inc.*, 495 F.3d 753, 757 (7th Cir. 2007) (confidential witness allegations usually discounted steeply); *City of Livonia Employees' Ret. Sys. v. Boeing*, 2011 U.S. Dist. Lexis 22347 (N.D. Ill. Mar. 7, 2011) (dismissing class action complaint that *survived* initial motion to dismiss after confidential witness was identified and deposed). Against this backdrop, Plaintiff has to do more than direct the Court to the entirety of a confidential witness's testimony on the hope that the Court will draw a "strong inference" of scienter there. This is especially true where, as here, the confidential witness allegations are a plaintiff's only evidentiary basis for alleging scienter in the first place.

When considering NextWave's first motion to dismiss, the Court observed that "the Plaintiffs don't match any particular confidential witness statements with the allegedly misleading NextWave statements that are the basis for their claims." (Doc. No. 52, p. 5.) Plaintiff did not take this observation seriously, it seems, because the amended complaint, after quoting the allegedly false statements at length, offers a series of unsupported allegations that NextWave knew they were false followed by the sweeping claim that the confidential witness allegations "further support Defendants' scienter." (*See, e.g.*, ¶ 21, 24, 28, 31, 34, 37, 41, 44.) That's not good enough. *See Gold v. Morrice*, 2008 WL 467619 at *2 (Jan. 31, 2008) ("In its current form, Plaintiff's complaint lacks clarity in articulating the

1   grounds for its claims.  Although the Complaint contains many detailed factual allegations,
2   it does not clearly identify the allegedly false statements or which of the factual allegations
3   support an inference that particular statements are false or misleading.").

4         The Court regrets that it held this motion under submission for as long as it did only
5   to tell the Plaintiff, again, to amend its complaint to better state a claim.  (The Court is aware
6   of and not unsympathetic to NextWave's costs in filing a motion to dismiss, and Plaintiff
7   should be, too.) The structural inadequacies of the complaint — and they are substantial —
8   make a substantive assessment of its merits under the PSLRA nearly impossible.  Until
9   Plaintiff can whittle down the allegedly false and misleading statements to capture the core
10  statements at issue, and identify *specific confidential witness allegations* that reveal those
11  statements to be knowingly false and misleading, the Court can't determine whether this
12  case deserves to go forward.  Perhaps the more sensible structural arrangement is topical.
13  That is, Plaintiff should allege generally what it believes NextWave misrepresented, then
14  identify specific statements that manifest this misrepresentation (rather than paste lengthy
15  excerpts of public documents), and then identify specific confidential witness allegations that
16  substantiate the allegations of falsity and scienter.  That makes better sense, in the Court's
17  view, than running through the allegedly false statements in chronological sequence and
18  then directing the reader to flip back several pages to see what the confidential witnesses
19  have to say.  In any event, it is up to Plaintiff to comply with Rule 8 of the Federal Rules of
20  Civil Procedure, *Dura Pharms.*, and the PSLRA, and the Court will allow Plaintiff one last try.
21  If the complaint is again a chore to piece together, it will be dismissed with prejudice.
22  Plaintiff must file an amended complaint within 21 days of the date this Order is entered.
23
24        **IT IS SO ORDERED**.
25  DATED: March 15, 2011
26
27                                **HONORABLE LARRY ALAN BURNS**
                              United States District Judge
28