UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA LIFSCHITZ, On behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>NEXTWAVE WIRELESS INC., ALLEN SALMASI, and GEORGE C. ALEX,<br><br>    Defendants. | Civil No. 3:08 cv01697 AJB (WMC)<br>(consol. w/3:08cv01934 AJB (WMC)<br><br><br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED CONSOLIDATED COMPLAINT**<br><br>[Doc. No. 69] |
| ALEX BENJAMIN, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>NEXTWAVE WIRELESS INC., ALLEN SALMASI, and GEORGE C. ALEX,<br><br>    Defendants. | |

# I.
# INTRODUCTION

Presently before the Court is Defendants' motion to dismiss Plaintiff's Third Amended Consolidated Complaint ("TAC") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (Doc. 69.) In accordance with Civil Local Rule 7.1.d.1, the Court finds this motion suitable for determination on the papers and without oral argument. Accordingly, the motion hearing scheduled for December 9, 2011 is hereby vacated.

Plaintiff has had three chances to state a claim against Defendants for violation of § 10(b) of the Securities Exchange Act of 1934 and Rule 10(b)-5, and for violation of § 20(a) of the same Act. For the third and final time, Plaintiff has failed to present its allegations in a legally cognizable form in accordance with the pleading requirements established by the Federal Rules of Civil Procedure, *Dura Pharms. v. Broudo*, 544 U.S. 336 (2005), and the Private Securities Litigation Reform Act ("PSLRA"). Once again, the claims do not pass muster. Having previously warned Plaintiff that its third chance to file a complaint would be its last if it did not cure the noted deficiencies (*see* Doc. 62), the Court **GRANTS** Defendants' motion to dismiss Plaintiff's TAC ***with prejudice***.

# II.
# BACKGROUND

Plaintiff alleges that numerous statements made by Defendants were false and misleading and expose Defendants to civil liability under the Securities Exchange Act of 1934. The legal standard for stating a claim under the 1934 Act was expressly given to Plaintiff by this Court in its Order granting Defendants' motion to dismiss Plaintiff's Second Amended Complaint. (Doc. 62, p.1.) To state a claim under §10(b) of the Securities Exchange Act of 1934, Plaintiff must allege: (1) a material misrepresentation or omission; (2) made with scienter; (3) in connection with the purchase or sale of a security; (4) reliance by Plaintiff on the misrepresentation or omission; (5) economic loss; and (6) a causal nexus between the misrepresentation or omission and the loss. *See Dura*, 544 U.S. at 341-42.

The PSLRA fortifies the first and second elements, by requiring Plaintiff to state with particularity both the facts constituting the alleged violation and the facts evidencing scienter. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313 (2007). As to the first, "[T]he complaint shall specify

each statement alleged to have been misleading" along with "the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1)(B). As to the second, "[T]he complaint shall . . . state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(A). Finally, Federal Rule of Civil Procedure 9(b) imposes its own heightened pleading standard by requiring a party alleging fraud to state with particularity the circumstances constituting fraud.

The heightened pleading standard for alleging fraud in securities class action cases serves a useful purpose of not judging securities fraud cases in hindsight. That is, the plaintiff in securities class action cases must not masquerade a bad outcome in corporate management as fraud by hindsight, and must overcome the presumption of mistake in order to plead fraud. *See Klein v. King*, No. C-88-3141, 1990 WL 61950 (N.D. Cal. Mar 26, 1990). The rationale is that punishing mistakes as if they were fraud undermines the deterrent function of securities regulation. *See* Mitu Gulati et al., *Fraud by Hindsight*, 98 Nw. U. L. Rev. No. 3 (2004) (citing Jeffrey J. Rachlinski, *A Positive Psychological Theory of Judging in Hindsight*, 65 U. Chi. L. Rev. 571 (1998)). Here, Plaintiff has not met its heightened burden of pleading fraud under the Securities Exchange Act because Plaintiff has not made any substantive additions to its Second Amended Complaint, and has, once again, left the Court to interpret the meaning of its allegations.

## III.

## DISCUSSION

Defendants assert that the TAC fails to allege a valid claim for securities fraud because it (1) seeks to impose liability for forward-looking statements that, pursuant to the PSLRA Safe Harbor provision, are not actionable; (2) fails to adequately allege scienter; and (3) fails to adequately allege loss causation. The Court analyzes Plaintiff's two causes of action below.

**1.    Section 10(b) Violation**

Plaintiff has failed to plead a §10(b) violation because seventeen out of the twenty-four misleading statements attributed to Defendants are forward-looking statements protected by the PSLRA "Safe Harbor" provision. (*See* TAC, Doc. 68, ¶¶ 15, 20, 38(b), 42, 51, 52, and 80.2.) The PSLRA "Safe Harbor" provision immunizes optimistic statements concerning future financial results, plans and

objectives for future operations, and future economic performance. 15 U.S.C. § 78u-5(c)(1), (2). Thus, Defendants cannot be held liable for projections regarding its future operations, potential sources of income, and product/technological success.

With regard to the last seven of Defendants' allegedly misleading statements, Plaintiff has failed to show *scienter*—that is, actual knowledge of falsity or deliberate recklessness in finding out that the statements are false—on Defendants' part. Plaintiff's use of confidential witnesses ("CWs") does not help Plaintiff establish scienter. Plaintiff must show specific facts relating to the CWs' positions within the company and their access to the company's records to demonstrate Defendants' actual knowledge or deliberate recklessness in not knowing that these statements were false. *In re Wet Seal, Inc.*, 518 F. Supp. 2d 1148, 1170 (C.D. Cal. 2007). Plaintiff has failed to do so with regard to the CWs' alleged knowledge of Defendants' liquidity problems and acquisition strategy. In addition, courts are generally skeptical of using CWs' opinions to prove scienter. *Higginbothem v. Baxter Intern., Inc.*, 495 F.3d 757 (7th Cir. 2007).

Since Plaintiff has failed to plead sufficient facts establishing the first two elements of its first cause of action, the Court need not inquire whether Plaintiff has adequately pled "loss causation," which is also necessary for a valid cause of action under §10(b).

Accordingly, Defendants' motion to dismiss Plaintiff's first cause of action is **GRANTED** with prejudice.[1]

**2.    Section 20(a) Violation**

Plaintiff's claim for violation of § 20(a) of the Securities Exchange Act depends upon Plaintiff establishing a valid §10(b) claim. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009). For the reasons discussed above, the §10(b) claim fails, which consequently bars the § 20(a) claim. Accordingly, Defendants' motion to dismiss Plaintiff's second cause of action is **GRANTED** with prejudice.

---

[1] In support of its motion to dismiss, Defendants request judicial notice of various Securities and Exchange Commission ("SEC") filings and press releases. (Doc. 69-2.) Pursuant to Rule 201, a court may take judicial notice of adjudicative facts "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are indisputable, and thus subject to judicial notice, only if they are either "generally known" under Rule 201(b)(1) or "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned" under Rule 201(b)(2). The Court finds that these documents are judicially noticeable and grants Defendants' request.

**IV.**

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's TAC with prejudice. The Court directs the Clerk to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: November 21, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge